UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMIKA D. CONN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25-cv-3091 |
| v. ) | |
| ) | Judge April M. Perry |
| BANK OF AMERICA, N.A., BLITT AND ) | |
| GAINES, P.C., D & A SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This case arises from efforts by Defendants Bank of America, N.A. ("BOA"), Blitt and Gaines, P.C., ("B & G") and D & A Services, LLC ("D & A") to collect from Plaintiff Tamika Conn a debt she purportedly owed in connection with her BOA credit card account. Specifically, the complaint alleges that in trying to collect on and reporting to credit agencies this supposed debt, Defendants violated the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). Before this Court are motions to dismiss filed by each of the three defendants. Doc. 6, Doc. 13, Doc. 21. For the following reasons, the Court grants the motions filed by D & A and B & G in full. The Court further grants BOA's motion as to the FDCPA claim against it, but denies BOA's motion with respect to the FCRA claim.

**BACKGROUND**

The complaint alleges that in the fall of 2024, Defendants began a series of actions to collect a $12,222.96 debt related to a BOA credit card. Doc. 1 at 5. First, in September 2024, D & A sent Plaintiff a letter informing her of the debt and giving her instructions on how to pay it, dispute it, or request additional information. *Id*. at 21. In October 2024, B & G, a law firm hired by BOA, sent a similar letter to Plaintiff. *Id*. at 19. On January 7, 2025, B & G filed a state court

lawsuit seeking to collect on the debt. *Id*. at 5, 16. Plaintiff contends that the collection letters and lawsuit contained misrepresentations, in that she did not owe the debt. *Id*. at 5.

On January 15 and 31, 2025, Plaintiff sent letters to all of the credit reporting bureaus informing them that the report of debt was inaccurate, incomplete, and damaging. *Id*. at 5–6, 47–51. Plaintiff believes her disputes were communicated to BOA. Moreover, Plaintiff alleges that her answer to the state court complaint also made it clear to BOA that she was disputing the debt. *Id* at 7. Thereafter, BOA "acting either by itself or through its agent Defendants Blitt & Gaines or D&A Services, reported the debt to Plaintiff's credit reports, but failed to communicate that the debt was disputed by the consumer plaintiff." *Id*. at 6. In February 2025, Plaintiff was informed by all of the credit reporting bureaus that BOA had verified the debt as accurate. *Id*. at 29–36.

Plaintiff contends that the reports to the credit bureaus without an accompanying notice that the debt was disputed materially lowered Plaintiff's credit score and that Plaintiff has been denied credit opportunities as a result. *Id*. at 7.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Plaintiff proceeds *pro se,* and "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (acknowledging the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration") (quotes omitted). To liberally construe the pleadings is "to give a *pro se* plaintiff a break when, although [s]he stumbles on a technicality, [her] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

## ANALYSIS

### I. Standing

The Court begins, as it must, by considering whether Plaintiff has standing to bring her claims under the FCRA and FDCPA. Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. The requirement of standing derives from this provision and has three elements: plaintiff must have (1) a concrete and particularized injury in fact (2) that is traceable to the defendant's conduct and (3) that can be

redressed by judicial relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing the elements of standing." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020). At the motion to dismiss stage, "a plaintiff may demonstrate standing by clearly pleading allegations that plausibly suggest each element of standing when all reasonable inferences are drawn in plaintiff's favor." *Id*. Standing is jurisdictional, and without standing the case must be dismissed. *See United States v. Hays*, 515 U.S. 737, 742 (1995).

The Supreme Court has been clear that bare procedural violations of the FCRA do not confer standing if the plaintiff is not actually at risk of injury from the violation. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). However, in this case, Plaintiff has alleged that she did suffer a concrete harm in that her credit score was lowered due to Defendants' actions and she was subsequently denied credit as a result. Doc. 1 at 2, 7. This is sufficient at this stage to demonstrate a concrete injury for the purposes of the FCRA. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 433 (2021) (noting that dissemination of misleading information to third parties constitutes "a concrete injury in fact under Article III" for the purposes of the FCRA).

Similarly, Plaintiff has demonstrated a concrete injury for the purposes of the FDCPA. While the Court agrees that Seventh Circuit precedent does not allow standing on the basis of Plaintiff's claims of anger, frustration, stress, anguish, anxiety, aggravation, sense of powerlessness, and lost time with her family, see Doc. 1 at 8, standing is conferred under the FDCPA if Plaintiff pleads that an adverse credit rating followed from a defendant's violations of the FDCPA. Compare *Wadsworth v. Kross, Lieberman, & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021) ("Being informed of an outstanding debt can sometimes be a stressful experience, but federal courts may entertain FDCPA claims only when the plaintiff suffers a concrete harm that

4

[she] wouldn't have incurred had the debt collector complied with the [FDCPA].") and *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022) (confusion and emotional distress were "insufficient to confer standing" in the FDCPA context) with *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 639 (7th Cir. 2023) ("plaintiff must show a harm beyond emotional response, such as an adverse credit rating or detrimental action that the plaintiff took in reliance" on debt collection letters); *Markakos v. Medicredit, Inc.,* 997 F.3d 778, 780 (7th Cir. 2021) ("an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt."). Here, Plaintiff has pled: "Defendants' actions materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute. As a result, Plaintiff has been damaged by denial of credit opportunities with other creditors." Doc. 1 at 7. Under *Pucillo* and *Markakos*, this is sufficient to demonstrate concrete injury under the FDCPA.

For these reasons, the Court concludes that Plaintiff has alleged a sufficiently concrete injury to demonstrate the potential of standing under the FCRA and FDCPA. Whether that injury is plausibly pled as being attributable to the actions of each particular defendant is addressed below.

## II.     D & A Motion to Dismiss

The Court begins with D & A's motion to dismiss. D & A correctly notes that its only involvement in this case appears to have been sending Plaintiff a letter in September 2024 informing her of the BOA debt, and giving her information about how to pay, dispute, or get more information about that debt. But the sending of a dunning letter, even an inaccurate one, does not alone constitute a cognizable harm to a plaintiff under the FDCPA. *Markakos,* 997 F.3d at 780 ("the violation of an FDCPA provision…does not necessarily cause an injury in fact.")

5

As already discussed, Plaintiff's cognizable injury in this case arises from the allegedly inaccurate and misleading report of her debt to the credit bureaus, which resulted in Plaintiff having a lower credit score and being denied credit opportunities. Thus, the question becomes whether Plaintiff has plausibly alleged that D & A was responsible for that harm. The Court concludes that Plaintiff has not.

To begin with, the complaint does not allege facts from which one could conclude that D & A knew that the BOA debt was either inaccurate or disputed. For example, Plaintiff does not allege that she responded to D & A's letter to inform D &A that the debt was disputed. Plaintiff describes in the complaint telling the credit bureaus of her dispute, asking that BOA be notified of the dispute, and responding to the state court lawsuit making clear that the debt was disputed – but none of these communications involved D & A. Additionally, there are no plausible allegations in the complaint that D & A was responsible for the report of the debt to the credit bureaus. The complaint does allege that "Defendant Bank of America, acting either by itself or through its agent Defendants Blitt & Gaines or D & A services, reported the debt to Plaintiff's credit reports." Doc. 1 at 6. But it is, on its face, no more than speculation and conjecture that D & A was involved in the credit bureau reporting. Moreover, this speculation and conjecture is not consistent with the documents attached to the complaint showing that it was BOA who was contacted by the credit bureaus to verify the debt, *id.* at 31, and BOA who Plaintiff was told to reach out to for dispute resolution, Doc. 1 at 33. Moreover, the Court notes that although Plaintiff alleged that BOA and B & G were "furnishers" of credit information to the credit bureaus, *id*. at 8, Plaintiff did not make the same allegation with respect to D & A, indicating further that D & A was not responsible for any false reporting to the credit bureaus.

Because there are no plausible allegations in the complaint that D & A was responsible for the credit bureau reports which Plaintiff claims harmed her, Plaintiff has not plausibly alleged her injury is traceable to D & A's conduct. Therefore, the complaint is dismissed as to D & A.

### III. BOA Motion to Dismiss

The Court next moves to BOA's motion to dismiss, which raises two arguments. First, BOA argues that the FCRA claim must be dismissed because the allegations in the complaint do not specify an inaccuracy in the reporting of Plaintiff's credit card account, and accuracy is a complete defense under the FCRA. Second, BOA argues that the FDCPA claim should be dismissed because BOA is not a "debt collector" within the meaning of the FDCPA and therefore is not subject to its terms. As is explained below, the Court finds that the FCRA claim is adequately pled but finds that the FDCPA claim is appropriately dismissed.

To state a claim for a violation of Section 1681s-2(b) of the FCRA, a plaintiff must plausibly allege facts that show (1) she notified a credit bureau that it was reporting inaccurate information; (2) that claim was relayed to the information furnisher; and (3) the furnisher failed to investigate and correct the inaccurate information. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). A furnisher's duty to investigate under Section 1681s-2(b) is not triggered until it receives notice from a credit bureau that the consumer is disputing the debt. *See* 15 U.S.C. § 1681s-2(b)(1) (Stating that the duty of furnishers begins "[a]fter receiving notice … of a dispute…").[1]

In this case, Plaintiff has alleged that she first notified the credit bureaus of the allegedly inaccurate BOA debt on January 15, 2025. She has further alleged that she asked for her dispute

---

[1] Section 1681s-2(a)(8) allows consumers to file disputes with furnishers directly, but there is no private right of action for a furnisher's failure investigate if it receives a direct dispute. *See* 15 U.S.C. § 1681s-2(c)(1).

7

to be conveyed to BOA, and that BOA verified the debt as accurate in February 2025. Thus, Plaintiff has plausibly alleged (1) that she notified the credit bureau it was reporting inaccurate information; (2) the claim was relayed to the information furnisher; and (3) the furnisher failed to correct the allegedly inaccurate information.

The complaint does not explicitly allege that BOA failed to conduct a reasonable investigation. But it does allege that BOA did not report to the credit bureaus that Plaintiff had disputed the debt. Several Circuits have concluded that a furnisher's failure to report that a debt is disputed is enough to state a claim for a violation of the FCRA. *See Seamans v. Temple University*, 744 F.3d 853, 867 (3d Cir. 2014) (holding "that a private cause of action arises under 15 U.S.C. § 1681s-2(b), when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed."); *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008) (concluding that a "jury could reasonably conclude that [a furnisher's] decision to report [a] debt without any mention of a dispute was misleading"); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (holding that "a disputed credit file that lacks a notation of dispute may well be 'incomplete or inaccurate' within the meaning of the FCRA, and the furnisher has a privately enforceable obligation to correct the information after notice.").

This Court finds the reasoning of *Seamans*, *Saunders*, and *Gorman* persuasive, and similarly concludes that a failure to report that a debt is disputed could be considered materially misleading within the meaning of Section 1681s-2(b). This is consistent with Seventh Circuit guidance that to be "materially misleading," information that furnishers provide to credit bureaus must be "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Frazier v. Dovenhmuehle Mortg., Inc.*, 72 F.4th 769, 776 (7th Cir. 2023),

8

quoting *Gorman*, 584 F.3d at 1163. Taking Plaintiff's alleged facts as true, BOA had reason to know that Plaintiff disputed the debt prior to its response to the credit bureaus.[2] Yet BOA failed to notify the credit bureaus of the ongoing dispute between Plaintiff and BOA regarding the debt, and Plaintiff was denied credit based on the omission of this information. Drawing all reasonable inferences in her favor, Plaintiff has adequately alleged that BOA's failure to accurately report her debt as disputed adversely affected her credit. That is enough to plausibly plead a claim under the FCRA.

The Court frankly does not understand BOA's separate argument that the FCRA claim fails because Plaintiff has not identified an inaccuracy in her credit report. The complaint alleges that BOA reported to the credit bureaus a debt "that was not truly owed." Doc. 1 at 5. If true, this would be an inaccuracy. BOA is correct that accuracy is a defense to the FCRA. But affirmative defenses are not the proper purview of courts entertaining motions to dismiss. Moreover, as previously discussed, Plaintiff also alleges that BOA knew the debt was disputed and did not report this to the credit bureaus. This allegation constitutes a discrete actionable inaccuracy. BOA seems to argue that it cannot be liable based upon this because Plaintiff's dispute was meritless. Doc. 7 at 3. However, the case cited by BOA in support of this proposition was a summary judgment opinion. *See Jordan v. M & T Bank Corp*., 772 F. Supp. 3d 921, 943 (N.D. Ind. 2025). On a motion to dismiss, the Court is required to assume the truth of all of Plaintiff's alleged facts – including her allegation that the debt was not owed. If the debt was not owed, Plaintiff's dispute would have had merit. BOA can raise its arguments again at summary

---

[2] At the very least, Plaintiff has alleged that BOA had her answer to the state court complaint disputing the debt before BOA responded to the credit bureau inquiries. It also appears from the complaint that Plaintiff may have disputed the debt with BOA as early as October 2024, as the complaint references "a letter of validation" that was sent in response to a dispute from Plaintiff. See Doc. 1 at 7.

judgment, if the undisputed facts demonstrate the debt was accurately reported or Plaintiff's dispute otherwise had no merit.

The Court moves next to BOA's argument that BOA is not liable under the FDCPA because it is not a debt collector. It is essential to an FDCPA claim that the defendant be a "debt collector," which the Act defines as a third party who attempts to collect on a debt "owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added). Thus, "a creditor who collects its own debt using its own name is not a 'debt collector'" within the meaning of the Act. *Nwoke v. Countrywide Home Loans, Inc*., 251 Fed. Appx. 363, 365 (7th Cir. 2007). A creditor who is not a debt collector is not "subject to liability under the [FDCPA]" at all." *Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 325 (7th Cir. 2016). Because it appears from the complaint that BOA owned the debt and was a creditor rather than a debt collector, the Court grants BOA's motion to dismiss the FDCPA claim against it.

### IV. B & G Motion to Dismiss

Finally, the Court addresses B & G's motion to dismiss. With respect to the FCRA claim against B & G, this claim fails for the same reason as did the FCRA claim against D & A. Specifically, nothing in the complaint or its attachments can plausibly be read to establish that B & G, as opposed to BOA, was a furnisher of information to the credit bureaus, or that B & G, as opposed to BOA, was notified by the credit bureaus of Plaintiff's dispute. Because there are no plausible allegations that B & G was responsible for the harm Plaintiff has alleged in the complaint, the FCRA claim against B & G is dismissed.

The FDCPA claim against B & G is also dismissed. The complaint plausibly alleges that B & G took two actions with respect to the BOA debt: it sent Plaintiff a letter in October 2024 notifying her of the debt and filed a state court lawsuit in January 2025 seeking to collect the

10

debt. While these actions could theoretically lead to FDCPA liability for B& G,[3] as discussed above, Plaintiff has not alleged any cognizable concrete injury from those two acts. Without an injury traceable to B & G's conduct, Plaintiff cannot demonstrate standing to bring an FDCPA claim against B & G.

## CONCLUSION

The complaint is dismissed as to D & A. The dismissal is without prejudice, meaning that if Plaintiff obtains facts during discovery that indicate that D & A was responsible for the allegedly false reports to the credit bureaus, Plaintiff will be allowed to file an amended complaint. The complaint is also dismissed as to B & G. This dismissal is also without prejudice, and the claims can be repleaded if Plaintiff can demonstrate that B & G was responsible for the allegedly false reports to the credit bureaus. The Court does not at this time set a deadline for filing any amended complaint, and Plaintiff is encouraged not to attempt to amend the complaint until she has obtained the relevant facts through the discovery process. Finally, the FDCPA claim against BOA is dismissed, with prejudice, as BOA is not a debt collector with respect to its own debt. The FCRA claim against BOA remains, and BOA is directed to file its answer by November 25, 2025.

Dated: November 4, 2025

_____
APRIL M. PERRY
United States District Judge

---

[3] *See Jenkins v. Heintz*, 124 F.3d 824, 833 (7th Cir. 1997) (noting that lawyers and lay debt collectors are "on equal footing" with respect to the FDCPA, and that "filing a lawsuit does not insulate a lawyer from the restrictions of the [FDCPA].").